

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-83,296-01 & WR-83,296-02

### EX PARTE IVAN G. LOPEZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR21310-A & CR21461-A
### IN THE 35TH DISTRICT COURT FROM BROWN COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, without a sentencing agreement, and was convicted of one charge of possession of a controlled substance and one charge of delivery of a controlled substance. The jury sentenced him to twenty-five and thirty-five years' imprisonment respectively. He did not appeal his convictions.

Applicant alleges, among other things, that he was denied the right to appeal these convictions. Trial counsel testified at a habeas hearing. Based on that testimony, the trial court has entered findings of fact and conclusions of law that Applicant was denied his right to appeal both

cases. The trial court recommends that relief be granted. *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause Nos. CR21310 and CR21461 from the 35th District Court of Brown County.

Applicant is ordered returned to that time at which may give a written notice of appeal so that may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 25, 2015
Do not publish